**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER NGUYEN,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:20-cv-86** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **DR. KASPER,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

This matter is before the Court pursuant to the motion to dismiss (Doc. No. 14) filed by Defendant Dr. Kasper ("Kasper").  After receiving two (2) extensions of time (Doc. Nos. 18-21), *pro se* Plaintiff Christopher Nguyen, who is currently incarcerated at the State Correctional Institution in Waymart, Pennsylvania ("SCI Waymart"), filed his brief in opposition on June 15, 2020 (Doc. No. 22).  For the following reasons, the Court will deny the motion to dismiss.[1]

---

[1] While Defendant Kasper has not filed a reply brief, the Court notes that it is "under no obligation to refrain from considering [Defendant Kasper's motion] until he file[s] a reply brief." *King v. Mansfield Univ. of Pa.*, No. 1:11-cv-1112, 2015 WL 871693, at *3 (M.D. Pa. Feb. 27, 2015).  The Local Rules of this Court make clear that the Court has unlimited authority to decide a motion before the expiration of the typical briefing schedule. *See* M.D. Pa. L.R. 7.6 (noting that "[n]othing in this rule shall be construed to limit the authority of the [C]ourt to grant any motion before expiration of the prescribed period for filing a brief in opposition").  The Court finds that the issues have been adequately briefed such that any reply by Defendant Kasper "would [not] have any material impact" on the Court's decision. *See Witasick v. Minn. Mut. Life Ins. Co.*, No. 12-3474, 2015 WL 758316, at *1 n.3 (D.N.J. Feb. 23, 2015).

## I.      BACKGROUND

Plaintiff initiated the above-captioned action on January 7, 2020 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Kasper and Joseph Vinansky ("Vinansky"), a grievance coordinator, in the United States District Court for the Eastern District of Pennsylvania.  (Doc. No. 2.)  Plaintiff alleges that part of a metal filling in his tooth "broke off and [he] put in a sick call slip to see a dentist to have it fixed."  (*Id.* at 2.)  On November 21, 2017, Defendant Kasper removed the rest of the metal filling and replaced it with a temporary plastic filling.  (*Id.*)  Plaintiff began "having severe pain immediately after this procedure and could not eat or chew any food for several days."  (*Id.*)

Plaintiff submitted another sick call slip and subsequently saw Defendant Kasper again.   (*Id.*)   Defendant Kasper prescribed Motrin "for the pain and swelling."  (*Id.*)  Plaintiff asked Defendant Kasper why he would not replace the temporary filling with a new metal one, and Defendant Kasper responded that "it cost too much and Waymart won't pay for it."  (*Id.*)

Plaintiff continued to experience pain, so he submitted another sick call slip on December 1, 2017. (*Id.*)  Defendant Kasper subsequently saw him and "applied a white liquid to [the] tooth and prescribed penicillin for the infection."  (*Id.*)  Plaintiff maintains that "[t]he pain and swelling did not stop and got worse."  (*Id.*)

On January 1, 2018, Plaintiff submitted another sick call slip. (*Id.*) He saw Defendant Kasper on January 11, 2018. (*Id.*) At that time, Defendant Kasper told Plaintiff that his "tooth had to be pulled because the infection was so bad." (*Id.*) Plaintiff "told him that [he] did not want it pulled but he did so anyway." (*Id.*)

On January 22, 2018, Plaintiff submitted a grievance regarding Defendant Kasper's actions. (*Id.*) He avers that Defendant Vinansky "never filed or processed" the grievance. (*Id.*) A month later, Plaintiff submitted another grievance "which was also never processed or filed by [Defendant] Vinansky." (*Id.*) Based on the foregoing, Plaintiff alleges that Defendant Vinansky's failure to process his grievances violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments and that Defendant Kasper violated his Eighth Amendment rights by failing to provide adequate dental care. (*Id.* at 8.) Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.* at 8-9.)

On January 14, 2020, the Eastern District of Pennsylvania transferred the above-captioned case to this Court for further proceedings. (Doc. No. 5.) On January 17, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis*, dismissed Defendant Vinansky because Plaintiff could not maintain his claim regarding the alleged failure to process grievances against him, and directed service

upon Defendant Kasper. (Doc. No. 7.) Defendant Kasper subsequently filed his motion to dismiss (Doc. No. 14) and brief in support (Doc. No. 16).

## II.    STANDARD OF REVIEW

### A.    Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(6)

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Under *Twombly* and *Iqbal*, pleading requirements have shifted to a "more heightened form of pleading." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. *Id.* The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).  A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed.

2004)); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (noting that when considering a motion to dismiss, courts may consider "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading").

In the context of *pro se* prisoner litigation specifically, the court must be mindful that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## B.  Civil Rights Statute, 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III.   DISCUSSION

Defendant Kasper seeks dismissal of Plaintiff's complaint, asserting that "the facts are insufficient to support an Eighth Amendment claim against [him]. The allegations against him amount to nothing more than disagreements over treatment, which is not actionable under the law." (Doc. No. 16 at 4-5.) Eighth Amendment claims have both objective and subjective components. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Serious hardship to the prisoner is required to satisfy the Eighth Amendment's objective component. *Id.* The subjective component is met if the person or persons causing the deprivation acted with "a sufficiently culpable state of mind." *Id.*

The objective component of an Eighth Amendment medical care claim, *i.e.*, whether a plaintiff's medical needs were serious, has its roots in contemporary standards of decency. *See Hudson v. McMillian*, 503 U.S. 1 (1992). A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or is one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991); *Monmouth Cty. Corr. Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *West v. Keve*, 571 F.2d 158, 162-63 n.6 (3d Cir. 1978). The serious medical need element contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain. *See Lanzaro*, 834 F.2d at 347.

The Eighth Amendment "requires prison officials to provide basic medical treatment to those [individuals who are] incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To establish a claim under § 1983 based on the Eighth Amendment, an inmate must allege acts or omissions by prison officials sufficiently harmful to evidence deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004), *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *Farmer*, 511 U.S. at 837. Because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation, nor can disagreements over a prison physician's

medical judgment. *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990). Thus, this standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" *Little v. Lycoming Cty.*, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (quoting *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).

A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). For example, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.* at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "Grossly negligent behavior, however, can constitute deliberate indifference as can

a doctor's choice to take an 'easier and less efficacious course of treatment' in response to a serious medical need." *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (quoting *Lanzaro*, 834 F.2d at 347).

"Dental care is one of the most important medical needs of inmates." *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir 1989) (quoting *Ramos v. Lamm*, 639 F.2d 559, 576 (10th Cir. 1980)).  Here, Defendant Kasper does not dispute that Plaintiff's tooth pain constituted a serious medical need.  Rather, Defendant Kasper argues that Plaintiff's "allegations against him amount to nothing more than disagreements over treatment, which is not actionable under the law." (Doc. No. 16 at 4-5.)  The Court, however, disagrees.  While the complaint establishes that Plaintiff saw Defendant Kasper at least four (4) times between November 2017 and January 2018, Plaintiff alleges that Defendant Kasper refused to replace his broken metal filling with another metal filling because doing so would cost too much.  Plaintiff maintains further that Defendant Kasper instead used a temporary plastic filling, which caused him pain.  Furthermore, Plaintiff's tooth developed an infection and was ultimately pulled.  In light of these allegations, the Court concludes that Plaintiff has set forth a plausible Eighth Amendment claim against Defendant Kasper at this time.  Accordingly, Defendant Kasper's motion to dismiss will be denied.

10

## IV.   CONCLUSION

For the foregoing reasons, Defendant Kasper's motion to dismiss (Doc. No.

14) will be denied.  An appropriate Order follows.


<u>s/ Sylvia H. Rambo</u>
United States District Judge

Date: June 17, 2020